UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE MITCHELL,<br><br>                              Plaintiff,<br><br>   v.<br><br>SPENCER FOX, et al.,<br><br>                              Defendants. | NO:  CV-12-5150-RMP<br><br>ORDER MEMORIALIZING<br>COURT'S ORAL RULING |

**BEFORE THE COURT** are Defendants' motion for protective order, ECF No. 18, and Plaintiff's motion for order stating how depositions will be taken, ECF No. 20.[1]  The Court has reviewed the motions, the declaration of Plaintiff Dale Mitchell, all other relevant filings, and is fully informed.

---

[1] The Court notes that Plaintiff's motion is not noted for hearing until June 27, 2013.  However, as resolving Defendants' motion necessarily impacts resolution of Plaintiff's motion, the Court will address both motions.

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 1

## BACKGROUND

Mr. Mitchell is an inmate at the Coyote Ridge Correctional Center ("Coyote Ridge"). Mr. Mitchell brought this action, arguing that his civil rights were violated when Coyote Ridge officials executed two searches of Mr. Mitchell's cell and allegedly damaged Mr. Mitchell's Qu'ran and seized two Islamic prayer books. Mr. Mitchell alleged violations of his constitutional rights as well as the Religious Land Use and Institutionalized Persons Act.

In the process of prosecuting his case, Mr. Mitchell gave notice to Defendants of his intent to take two depositions. In the two notices, Mr. Mitchell stated that the Coyote Ridge would provide tape recorders and tapes for recording the depositions. Mr. Mitchell also proposed to use a Coyote Ridge staff member, Lori Wonders, as the deposition officer. Defendants have moved for entry of a protective order to prevent Mr. Mitchell from proceeding on the depositions in the manner he has described them. Mr. Mitchell filed a separate motion, seeking entry of an order directing that depositions proceed consistent with his notices.

## DISCUSSION

The procedures governing depositions are laid out in Federal Rule of Civil Procedure 30. A party seeking to depose a person by oral questions must give notice to all of the other parties in the case. Fed. R. Civ. P. 30(b)(1). The deposition may be audio recorded, audio-video recorded, or stenographically

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 2

recorded. Fed. R. Civ. P. 30(b)(3)(A). However, the party filing the notice of deposition must pay the expenses of recording. Fed. R. Civ. P. 30(b)(3)(A).

Depositions must be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination." Fed. R. Civ. P. 28(a)(1)(A). The officer's duties include ensuring that each deposition begins with an on-the-record statement identifying the persons involved in the deposition. Fed. R. Civ. P. 30(b)(5)(A). The officer must ensure that distortions are avoided and must note on the record the deposition's completeness. Fed. R. Civ. P. 30(b)(5)(B)-(C).

Mr. Mitchell's proposed deposition procedures do not comply with Rule 30. Mr. Mitchell must bear his own costs of recording. Fed. R. Civ. P. 30(b)(3)(A). Nothing in the law requires Defendants in this case, the Washington State Department of Corrections, or this Court to pay for those expenses. Even though Mr. Mitchell is indigent, the Ninth Circuit has held that it would be improper for the Court to expend public funds for the benefit of an indigent litigant for purposes beyond those explicitly authorized by law. *Tedder v. Odel*, 890 F.2d 210, 211-212 (9th Cir. 1989). Accordingly, the notices of deposition served by Mr. Mitchell fail to comply with Rule 30.

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 3

1    Mr. Mitchell's notices of deposition also fail to identify a qualified officer to
2    take oaths and meet the duties imposed by Rule 30(b)(5).  The Court also notes
3    that, like with the costs of recording, the Court is aware of nothing in the law that
4    imposes a duty on Defendants or the State of Washington to pay for or provide a
5    deposition officer.
6    The Court notes that Mr. Mitchell, in his motion, offers to use his own tapes
7    and recording materials.  While that might resolve the problem of cost shifting on
8    recording, it does not resolve the issue of finding an appropriate officer to oversee
9    the depositions.  Accordingly, the Court cannot order depositions in the form
10   requested by Mr. Mitchell, and his motion fails.
11   While the Court is granting Defendants' motion for protective order, the
12   Court finds that conditions in this case, with an indigent pro se defendant facing
13   the difficulties of holding depositions while in custody, would render unjust an
14   award of expenses. Fed. R. Civ. P. 26(c)(3), 37(a)(5).  As a result, the Court will
15   not award Defendants' expenses in bringing their motion for protective order.
16   Accordingly, **IT IS HEREBY ORDERED:**
17   1. Defendants' motion for protective order, **ECF No. 18**, is **GRANTED**.
18   / / /
19   / / /
20   / / /

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 4

2. Plaintiff's motion for order stating how depositions will be taken, **ECF No. 20**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and to *pro se* Plaintiff.

**DATED** this 7th day of June 2013.

                *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
                Chief United States District Court Judge

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 5